FILED

**NOT FOR PUBLICATION**

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY RAUL BARRON, | No. 13-15565 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-02797-PJH |
| v. | |
| MIKE STAINER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 9, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District
Judge.[**]

Petitioner Anthony Barron appeals the denial of his 28 U.S.C. § 2254 habeas

petition.  We have jurisdiction under 28 U.S.C. § 2253.  We review de novo the

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

district court's decision to deny a habeas petition, *see Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

The state trial court refused to admit impeaching evidence that a testifying officer had kicked Petitioner three times during his arrest. Petitioner claims that this evidence supports the inference that the arresting officer never saw Petitioner strike the victim with a knife but nevertheless gave false testimony in order to justify his use of excessive force and avoid discipline. The California Court of Appeal concluded that the exclusion of this impeachment evidence violated the Confrontation Clause. We treat that finding of constitutional error as established.

The Court of Appeal then concluded that this error was harmless. Whether we adopt deferential review under AEDPA or consider harmlessness independently under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), we agree with the state court. When analyzing the prejudicial effect of a Confrontation Clause violation, we review "(1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the witness' testimony on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case." *Ortiz v. Yates*, 704 F.3d 1026, 1039 (9th Cir. 2012). We will

assume that the damaging potential of the precluded evidence would have been fully realized but for the error. *Id.*

While the arresting officer's testimony was important, the prosecution also introduced substantial corroborating evidence at trial. Three other officers saw Petitioner use a "sharp instrument . . . in a stabbing manner," use "something in his hand" to strike the victim in "his back, maybe shoulder blade area," and clench his hand "like he had something in there" and make a "stabbing motion." Moreover, photographs of the victim's back taken twenty days after the assault showed a wound where Petitioner supposedly stabbed him. Finally, a fifth officer testified that the victim previously made comments indicating that Petitioner had stabbed him. Given the corroborating evidence and the overall strength of the prosecution's case, the trial court's error was harmless.

To the extent that Petitioner's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**